UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JADEN LEVIN,
*Plaintiff*,
    v.
MOHASSAN YUSSOUF, UBER TECHNOLOGIES, INC.,
UBER USA, LLC, RASIER, LLC, and ANDRE RIVERA
*Defendants*.

Tuesday, May 14, 2024

## NOTICE OF REMOVAL

    Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants Uber Technologies, Inc., Uber USA, LLC, and Rasier, LLC ("Defendants") hereby give notice of the removal of this action, which is returnable in the Superior Court of Connecticut in the Judicial District of Waterbury, captioned *Levin v. Yussouf, et al.*, to the United States District Court for the District of Connecticut. As grounds for removal, the Defendants state as follows:

    1.    This case arises from an accident that occurred on Whitney Avenue in Hamden, Connecticut on September 24, 2023 involving a motor vehicle allegedly operated by defendant Andre Rivera, a motor vehicle operated by defendant Mohassan Yussouf, and his rider Jaden Levin, the plaintiff.

    2.    The Defendants remove this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties properly joined and served to this lawsuit and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

1

**BACKGROUND**

3. On or about May 2, 2024, Plaintiff issued a summons and Complaint ("the Complaint") returnable in the Superior Court of Connecticut in the Judicial District of Waterbury naming Mohassan Yussouf, Uber Technologies, Inc., Uber USA, LLC, Rasier, LLC, and Andre Rivera as defendants.

4. Plaintiff alleges in the Complaint that he was injured in an automobile accident on September 24, 2023, in which plaintiff was a passenger in a motor vehicle operated by Mohassan Yussouf as an agent, employee and/or servant of the Defendants. *See* Complaint, Exhibit A.

5. Plaintiff alleges that as a result, he suffered serious injuries. *Id.*

**TIMELINESS OF REMOVAL**

6. The undersigned Defendants received service of the Complaint on or about May 6, 2024. Exhibit A.

7. This Notice of Removal is timely because it is filed within 30 days from the date that the last Defendant received service of the Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348 (removal period triggered by service).

**DIVERSITY OF CITIZENSHIP**

8. Complete diversity of citizenship exists in this matter because Uber Technologies, Inc., Uber USA, LLC, and Rasier, LLC are citizens of different states than Plaintiff. *See* 28 U.S.C. § 1332(a).

9. Complete diversity of citizenship exists in this matter because, on information and belief, Defendants Mohassan Yussouf and Andre Rivera have not been properly joined and

served as defendants. *See* 28 U.S.C. § 1441(b)(2); *see also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 702 (2d Cir. 2019).

10. Plaintiff alleges that the defendants Yussouf and Rivera reside in the State of Connecticut. However, upon information and belief, Yussouf and Rivera have not been served. Pursuant to § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2). But the statute "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under § 1441(a) so long as a federal district court can assume jurisdiction over the action." *Gibbons*, *supra* at 705-707; *see also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (plain meaning of the statute precludes removal only when the defendant has been properly joined and served). As such, "[i]f a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013).

11. Plaintiff is an individual residing in Scarsdale, New York. Plaintiff is therefore a citizen of New York for diversity purposes. Exhibit B.

12. At the time of the filing of the Complaint, Uber Technologies, Inc. was, and currently is, a corporation formed under the laws of the State of Delaware with its principal place of business located at 1725 3rd Street, San Francisco, CA 94158. *See* Exhibit B. Uber Technologies, Inc. is therefore not a citizen of New York or Connecticut for diversity purposes.

13.     At the time of the filing of the Complaint, Uber USA, LLC was, and currently is, a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 1725 3rd Street, San Francisco, CA 94158. *See* Exhibit B. Uber USA, LLC is a subsidiary of Uber Technologies, Inc., which, as set forth above, is not a citizen of New York or Connecticut. Uber USA, LLC, which is 100% owned by Uber Technologies, Inc., is therefore not a citizen of New York or Connecticut for diversity purposes.

14.     At the time of the filing of the Complaint, Rasier, LLC was, and currently is, a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 1725 3rd Street, San Francisco, CA 94158. *See* Exhibit B. Rasier, LLC is a subsidiary of Uber Technologies, Inc., which, as set forth above, is not a citizen of New York or Connecticut. Rasier, LLC, which is 100% owned by Uber Technologies, Inc., is therefore not a citizen of New York or Connecticut for diversity purposes.

15.     There is complete diversity between Plaintiff and Defendants in this action because Plaintiff is a citizen of the State of New York, and no properly joined and served Defendant is a citizen of the State of New York.  *See* 28 U.S.C. § 1332(a)(1); 1441(b)(2).

## AMOUNT IN CONTROVERSY

16.     Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

17.     According to the Complaint, Plaintiff suffered injuries that included five fractured vertebrae, spinous ligament injury, and nasal bone fractures. Exhibit A at 3. The Complaint further alleges that the damages exceed $15,000. Exhibit A at 11. Thus, it is apparent from the

Complaint that Plaintiff's alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

18. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the Defendants are filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

19. Pursuant to 28 U.S.C. § 1446(a), the Defendants attach all process, pleadings and orders that have been filed, served or received by the Defendants in this action as Exhibit C.

20. Pursuant to 28 U.S.C. § 1391 and §1446, venue is proper in the United States District Court for the District of Connecticut, as the Complaint in this action was filed in the Superior Court for the State of Connecticut, Judicial District of Waterbury concerning an accident in Hamden, Connecticut.

21. The Defendants will give written notice of the filing of this Notice of Removal to all other parties. The Defendants will also file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of Connecticut, Judicial District of Hartford, as required by 28 U.S.C. § 1446(d), upon the filing of the action in Superior Court.

22. In removing this action, the Defendants do not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

23. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, the Defendants respectfully request that this action proceed in the United States District Court for the District of Connecticut, as an action properly removed from state court.

        Respectfully submitted,

        Uber Technologies, Inc., Uber USA, LLC, and Rasier, LLC,
        By their attorneys,

        /s/ Ben Levites
        Kevin J. O'Leary, ct30271
        Benjamin H. Levites, ct30481
        Coughlin Betke LLP
        175 Federal Street
        Boston, MA 02110
        (617) 988-8050
        koleary@coughlinbetke.com
        blevites@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically and via first class mail, postage prepaid, to all counsel of record on Tuesday, May 14, 2024.

        /s/ Ben Levites
        Benjamin Levites